**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 05-7655**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SAID MOALIN MOHAMMED,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (CR-98-160; CA-02-795)

———————————

Submitted:  August 31, 2006        Decided:  September 28, 2006

———————————

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Said Moalin Mohammed, Appellant Pro Se.  Rudolf A. Renfer, Jr., Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Said Moalin Mohammed seeks to appeal the district court's orders denying relief on his motion for reduction of sentence, his motion for reconsideration, and his motion to reinstate appeal. We conclude these orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). We deny a certificate of appealability and dismiss.

In 1999, a jury convicted Mohammed of bank robbery and possession and use of a firearm during a crime of violence; Mohammed was sentenced to 117 months' imprisonment.

In 2002, Mohammed filed an initial 28 U.S.C. § 2255 (2000) motion alleging ineffective assistance of counsel for failure to file a requested direct appeal. The district court dismissed Mohammed's motion as untimely.

Mohammed then filed a motion for reduction of sentence under United States v. Booker, 543 U.S. 220 (2000). That motion was properly denied, as was Mohammed's subsequent motion for reconsideration. Mohammed next filed a motion to reinstate his appeal, which asserted the same ineffective assistance of counsel claim and sought to reserve the right to raise two other issues upon the reinstatement of his appeal: insufficient evidence and Booker error; that motion was properly denied. All of these motions appear to be attempts to circumvent the requirement that

- 2 -

Mohammed obtain prefiling authorization prior to filing a second or successive habeas motion.  <u>See</u> 28 U.S.C. § 2244 (2000).

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2) (2000).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Rose v. Lee</u>, 252 F.3d 676, 683-84 (4th Cir. 2001).  We have independently reviewed the record and conclude that Mohammed has not made the requisite showing.  Accordingly, we deny Mohammed's motion for a certificate of appealability and dismiss the appeal.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*]To the extent Mohammed's motion is construed as a motion for authorization to file a successive § 2255 motion, that claim fails, as Mohammed has failed to allege:  (1) newly discovered evidence or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. § 2255; <u>see</u> <u>United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005) (holding <u>Booker</u> is not retroactively applicable to cases on collateral review).